## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

NICHOLAS WAID,                                   )
                                                 )
                                                 )     Case No.: 5:11-cv-00580-HE
            Plaintiff,                           )
                                                 )
        v.                                       )
                                                 )
CREDIT COLLECTIONS, INC.,                        )
                                                 )
            Defendant.                           )

## PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM FOR LACK OF SUBJECT MATTER JURISDICTION

NOW COMES Plaintiff, Nicholas Waid ("Plaintiff"), by and through counsel, Krohn & Moss, Ltd., will present against Defendant, Credit Collections, Inc. ("Defendant"), his Motion to Dismiss Defendant's Counterclaim for Lack of Subject Matter Jurisdiction.  Plaintiff's Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Adam T. Hill, and all other files, pleadings, and records in this action.

Respectfully Submitted,

By: /s/ Michael S. Agruss
Michael S. Agruss
CA Bar #: 259567
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x235
Fax: 866-583-3695
magruss@consumerlawcenter.com
Attorneys for Plaintiff

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM FOR LACK OF SUBJECT MATTER JURISDICTION**</u>

Plaintiff respectfully submits his Motion to Dismiss Defendant's Counterclaim for Lack of Subject Matter Jurisdiction.   In support of his instant Motion, Plaintiff states the following:

**I.      BACKGROUND**

On May 23, 2011, Plaintiff filed a one-count Complaint against Defendant. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.  *See* Complaint, attached hereto as Exhibit A.   On June 27, 2011, Defendant filed an Answer to Plaintiff's Complaint.  *See* Answer, attached hereto as Exhibit B.   In its Answer, Defendant erroneously alleged a counterclaim against Plaintiff to collect on the underlying debt allegedly owed by Plaintiff.  *Id*.

**II.     DEFENDANT'S COUNTERCLAIM IS *PERMISSIVE* AND *NOT COMPULSORY*.  AS SUCH, THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THE COUNTERCLAIM.**

Plaintiff submits that this Court does not have supplemental jurisdiction over Defendant's counterclaim.   Pursuant to Federal Rule of Civil Procedure 13(a)(1)(A), a compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."  The Tenth Circuit uses a four-factor test to determine whether a counterclaim is permissive or compulsory under Rule 13.  A counterclaim is compulsory only if: "(1) issues of

fact and law raised by the principal claim and the counterclaim are largely the same; (2) *res judicata* would bar a subsequent suit on defendant's claim; (3) the same evidence supports or refutes the principal claim and the counterclaim; and, (4) there is a logical relationship between the claim and the counterclaim." *FDIC v. Hulsey,* 22 F.3d 1472, 1487 (10th Cir. 1994) citing *Pipeliners Local Union No. 798 v. Ellerd,* 503 F.2d 1193, 1198 (10th Cir. 1974); *Adamson v. Dataco Derex, Inc.,* 178 F.R.D. 562, 564 (D. Kan. 1998).   As discussed below, *none* of these factors is met here, thus rendering the counterclaim permissive.

> A.   **The issues of law and facts necessary to prove Plaintiff's FDCPA claim are not the same as Defendant's contract counterclaim.**

The FDCPA action brought by Plaintiff involves Defendant's alleged illegal debt collection activities.  Specifically, Plaintiff has alleged that Defendant violated the FDCPA by placing collection calls seeking and demanding payment for an alleged debt, by threatening to garnish Plaintiff's wages when Defendant had no intention of doing so.  *See* Plaintiff's Complaint ¶¶ 9-10 attached hereto as Exhibit A.  While there is no question that an underlying debt was the reason the collection activity occurred, the underlying debt and the amount of the same is immaterial to Plaintiff's claims under the FDCPA.  For purposes of proving her claims, the amount and character of Plaintiff's debt does not in any way impact Plaintiff's ability to recover under the FDCPA.   Importantly, whether or not Plaintiff even owes an underlying debt is irrelevant to Plaintiff's FDCPA action. *See Fedotov v. Peter T. Roach and Associates, P.C.*, 354 F. Supp. 2d 471, 477

*quoting Baker v. G.C. Services, Corp.,* 677 F.2d 775, 777 (9th Cir. 1982) ("The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists."); *see also McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992) ("The Act makes debt collectors liable for various 'abusive, deceptive, and unfair debt collection practices' regardless of whether the debt is valid.").

In contrast, Defendant's common law Counterclaim for open account rests solely on the interpretation of Defendant's contract with Plaintiff, the amounts paid under the contract, and the amounts owed under the contract. Other than the incidental fact that the debt Defendant seeks to collect involves the same debt for which Defendant is suing Plaintiff, there are no other common facts. It cannot be said that the issue of law and facts to prove Plaintiff's FDCPA are the same as Defendant's counterclaim.

In addressing the exact same issue as addressed in Plaintiff's instant motion, a court within the Ninth Circuit determined that the defendant's counterclaim for breach of contract was permissive only. *See Hart v. Clayton-Parker and Associates, Inc.,* 869 F.Supp. 774, 776 (D. Ariz. 1994). In reaching this conclusion, the *Hart* court researched case law throughout the nation and noted the following:

> **[E]very published decision directly addressing the issue in this case has found that FDCPA lawsuits and lawsuits arising from the underlying contractual debt are not compulsory counterclaims.** *Peterson v. United Accounts, Inc.,* 638 F.2d 1134, 1137

> (8th Cir.1981); *Ayres v. National Credit Management Corp.,* 1991 WL 66845, at *4 (E.D.Pa. April 25, 1991); *Gutshall v. Bailey and Assocs.,* 1991 WL 166963, at *2 (N.D.Ill. February 11, 1991); *Leatherwood v. Universal Business Service Company,* 115 F.R.D. 48, 49 (W.D.N.Y.1987).

*Hart*, 869 F.Supp. at 777 (citations included in original) (emphasis added).  *See also Campos v. Western Dental Services, Inc.*, 404 F.Supp.2d 1164, 1168 (N. D. Cal. 2005) (citing to *Hart* and finding the defendant's counterclaim to be permissive).  *See also Hurtado v. TAM Fin. Corp.* 2007 WL 1746884 (W. D. Tex. 2007); and *Avery v. First Resolution Mgmt Corp.,* 2007 WL 1560653 (D. Ore. 2007).

The *Hart* court, quoting a decision from Pennsylvania, further noted:

> The court finds the reasoning in these cases persuasive. As aptly stated by the Ayres court: Although defendants' right to payment from plaintiff is certainly factually linked to the fairness of defendants' collection practices – there being no attempted collection without an alleged debt – a cause of action on the debt arises out of events different from the cause of action for abuse in collecting.  The former centers on evidence regarding the existence of a contract, the failure to perform on a contract, or other circumstances leading to the creation of a valid debt. The latter centers on evidence regarding the improprieties and transgressions, as defined by the FDCPA, in the procedures used to collect the debt, regardless of the debt's validity.

*Hart*, 869 F.Supp. at 777 *quoting Ayres v. National Credit Management Corp.,* 1991 WL 66845, at *4 (E.D.Pa. April 25, 1991).

In *Campos v. Western Dental Services, Inc.*, 404 F.Supp.2d 1164, 1168 (N. D. Cal. 2005), the court reached the same conclusion as the above-mentioned courts.  Relying on *Hart* as well as *Leatherwood v. Universal Bus. Service Co.,* 115 F.R.D. 48, (W.D.N.Y.1987), a case in the Western District Court of New York, the *Campos* court stated:

> Further, plaintiff points to various federal courts that have addressed this specific question.  One such district court noted that, "every published decision directly addressing the issue in this case has found FDCPA lawsuits and lawsuits arising from the underlying contractual debt are not compulsory counterclaims." *Hart v. Clayton-Parker and Associates Inc., 869 F.Supp. 774, 777 (D.Ariz.*1994).
>
>        *           *          *
>
> In *Sparrow,* the court noted the issues raised by plaintiff's FDCPA claim and defendant's counterclaim were distinct: **The [FDCPA claim] relates to the application of the FDCPA and focuses on a narrow realm of facts concerning the use of abusive, deceptive and/or unfair debt collection practices by defendants.  On the other hand, [the defendant's] counterclaim encompasses a private duty under state law and requires a broad proof of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of the contract by the plaintiff and monetary damages resulting from the breach.**  The claim and counterclaim are, of course, "offshoots" of the same basic transaction, but they do not represent the same basic controversy between the parties.  *Sparrow,* at 1069; citing *Leatherwood v. Universal Bus. Service Co.,* 115 F.R.D. 48, 49 (W.D.N.Y.1987) . . . . As noted in *Leatherwood,* the evidence to support each claim also differs.  Specifically plaintiff needs to prove evidence of the allegedly abusive collection practices, while defendant Western would have to prove the existence of a valid contract. *Leatherwood,* 115 F.R.D.

at 49-50. Whether a plaintiff in an unfair debt collection practices action actually has outstanding debt is irrelevant to the merits of the FDCPA claim, and thus defendant Western's evidence of a valid contract is not relevant to plaintiff's claim**.** *See Baker v. G.C. Services Corp.,* 677 F.2d 775, 777 (9th Cir.1982). [FN3] **Therefore, since the court does not find defendant Western's counterclaim is compulsory, it is permissive.**

*Campos v. Western Dental Services, Inc.,* 404 F.Supp.2d 1164, 1168 -1169 (N.D. Cal. 2005) (citations included in original) (emphasis added).

Under the FDCPA, Congress determined that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Congress has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. *15 U.S.C. 1692(a)-(e).* This claim does not concern any obligations created by the underlying debt. Nor is the underlying debt relevant to the FDCPA since § 1692a(5) defines debt as "any obligation or *alleged obligation* of a consumer to pay money." Thus, Defendant's evidence of valid contracts between Plaintiff and Stillwater Radiology, LLC, Stillwater Surgical Associates, Stillwater Anesthesia Associates and Stillwater Radiology,

LLC are not relevant to Plaintiff's claim.[1]   Accordingly, this Court must view Defendant's Counterclaim as permissive.

**B.      *Res judicata* would not bar a subsequent suit on defendant's claim.**

Judgment on Plaintiff's FDCPA claim against Defendants would not bar a subsequent suit by Defendant for its breach of contract counterclaim against Plaintiff.   *Res judicata* principles bar a claim "when the prior action involved identical claims and the same parties or their privies." *Driver Music Co. v. Commercial Union Ins. Cos.,* 94 F.3d 1428, 1435 (10th Cir. 1995) quoting *Frandsen v. Westinghouse Corp.,* 46 F.3d 975, 978 (10th Cir. 1995).   Here, Defendant's counterclaim is not identical by any stretch of the imagination to Plaintiffs' FDCPA claim. Indeed, the claims and counterclaims "are based on different legal theories and depend upon different operative facts." *Adamson,* 178 F.R.D. at 565; *see Driver Music,* 94 F.3d at 1435-36 ("Each sounds in a different legal theory and depends for its resolution on different operative facts."). Thus, a final judgment on the merits in this case plainly would not prevent Defendant from asserting its breach of contract claim against Plaintiff.   Accordingly, this Court must view Defendant's Counterclaim as permissive.

---

[1] Furthermore, in *Sparrow v. Mazda American Credit,* the district court recognized that allowing a defendant to bring a [complaint] for the underlying debt may deter those harmed by alleged violations of the FDCPA from pursuing their rights under the statute.  *Sparrow*, 385 F.Supp.2d 1063, 1068-69 (E.D. Cal. 2005). Similarly, plaintiffs who may debate bringing FDCPA and RFDCPA claims may decide against it because of the possibility of being sued on the underlying debt.

**C.     The evidence to support or refute Plaintiff's FDCPA claim
would be significantly different from that used in Defendant's
counterclaim.**

Plaintiff's evidence to support his case against Defendant would be different from
what Defendant would use to support its open account counterclaim.  Resolution
of Plaintiff's FDCPA claim will turn on whether Defendant's conduct violated the
FDCPA.   At trial, the jury is likely to hear evidence on Defendant's conduct in
calling Plaintiff, communications between Plaintiff and Defendant and account
notes in Defendant's systems.   On the other hand, Defendant's evidence will
largely be on the contract itself.  At trial, the jury would probably hear evidence of
contract formation, validity of the contract, the services Defendant rendered to
Plaintiff, the services Plaintiff received and the amount owed to Defendant.  Thus,
the evidence of Plaintiff's FDCPA claim and Defendant's open account
counterclaim are entirely different from one another.   Accordingly, this Court
must view Defendant's Counterclaim as permissive.

**D.     There is no logical relationship between Plaintiff's FDCPA and
Defendant's counterclaim.**

There is no logical relationship between the Plaintiff's FDCPA claims and
Defendant's open account counterclaim.   While the counterclaim arises out of
several services contract between Plaintiff and four different companies, Plaintiff's
FDCPA claim arises from Defendant's conduct in attempting to collect a debt.
Because the Plaintiff's claim involves completely different legal and factual issues
and corresponding evidence, no *logical* relationship between the two can be found

to exist. *See Agostine,* 69 F.R.D. at 442 ("Even under the 'logical relation' test, which is the most widely used by the courts, [defendant's] counterclaims cannot be said to be compulsory under Rule 13(a). The two claims are distinct in nature; one involves a federal statute, while the other consists of state contract claims."). Accordingly, this Court must view Defendant's Counterclaim as permissive.

### III.  THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER DEFENDANT'S PERMISSIVE COUNTERCLAIM SINCE IT DOES NOT HAVE ITS OWN INDEPENDENT BASIS FOR FEDERAL COURT JURISDICTION.

Once this Court determines Defendant's counterclaim to be *permissive* rather than *compulsory*, this Court may not exercise supplemental jurisdiction over the counterclaim.   More particularly, courts throughout the nation recognize that "[f]ederal courts have supplemental jurisdiction over compulsory counterclaims, but permissive counterclaims require their own jurisdictional basis."   *Hart v. Clayton-Parker and Associates, Inc.*, 869 F.Supp. 774, 776 (D. Ariz. 1994) *citing Unique Concepts, Inc. v. Manuel,* 930 F.2d 573, 574 (7th Cir.1991); Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure,* § 1422 (1989) (noting that while federal courts have jurisdiction over counterclaims, permissive counterclaims must be supported by independent grounds for federal jurisdiction).   As not even Defendant can suggest that its common law contract action asserted within its Counterclaim has an independent basis for federal jurisdiction, this Court should dismiss the Counterclaim for lack of subject matter jurisdiction.

## IV. PUBLIC POLICY REQUIRES THE COURT TO REFUSE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE COUNTERCLAIM.

The only reason that Defendant would seek to join Plaintiff's statutory claims is the realization that it might lose under the FDCPA and that it could do damage control by offsetting Plaintiff's statutory claims. This motivation runs afoul of the express statutory intent of the FDCPA to punish illegal debt collection activity.[2] Defendant should not be able to utilize its unrelated contract claim against Plaintiff as a means of mitigating its damages in this pending action.

If the Court does determine that there exists even a loose factual connection between the claims, it is still within the district court's discretion as to whether or not to exercise supplemental jurisdiction. The Supreme Court of the United States held, "Our decisions have established that pendent jurisdiction 'is a doctrine of discretion, not of [Defendant's] right,' and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) *citing United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727 (1966).

In *Fentner v. Tempest Recovery Services, Inc.*, 07-CV-561A, 2008 WL 4147346 (W.D.N.Y. 2008), the Western District Court of New York examined the

---

[2] The plain language of the FDCPA states, "[i]t is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

very issue before this Court in the instant case at bar. The *Fentner* court declined to extend jurisdiction over a collection action counterclaim "for the reasons set out in the *Leatherwood-Sparrow* line of cases." *Id*. at *4. In *Sparrow v. Mazda American Credit*, 385 F. Supp. 2d 1063 (E.D. Cal. 2005), the court found the claims to have a logical factual relationship, yet still declined to exercise jurisdiction over the counterclaim collection action. Relying on *Leatherwood v. Universal Business Service, Co.*, 115 F.R.D. 48 (W.D.N.Y. 1987), a similar case in the Western District Court of New York, the *Sparrow* court held:

> Even if supplemental jurisdiction exists over Defendant's counterclaims, a court may decline to exercise that jurisdiction where compelling reasons exist. **In a case such as this one, strong policy reasons favor declining to exercise jurisdiction.** As the court states in *Leatherwood*, allowing a debt collector to bring an action for the underlying debt in a case brought under the FDCPA may deter litigants from pursuing their rights under that statute:
>
> > [T]o allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits such as this…Given the remedial nature of the FDCPA and the broad public policy it serves, federal courts should be loath to become immersed in the debt collection suits [brought by] the target of the very legislation under which a FDCPA Plaintiff states a cause of action.
>
> [*Leatherwood,*] 115 F.R.D. at 50 (quoting *Roberts v. Nat'l Sch. Of Radio & Television Broadcasting*, 374 F.Supp. 1266, 1272 (N.D. Ga. 1974)). A major

purpose of the FDCPA is to protect individuals from unfair debt collection practices regardless of whether the individual actually owes a debt. *Baker,* 677 F.2d at 777 ("The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt exists."); *McCartney,* 970 F.2d at 47 ("The Act makes debt collectors liable for various 'abusive, deceptive, and unfair debt collection practices' regardless of whether the debt is valid."); *Keele,* 149 F.3d at 594 ("[T]he plaintiff who admittedly owes a legitimate debt has standing to sue if the [FDCPA] is violated by an unprincipled debt collector.").

**Strong policy reasons exist to prevent the chilling effect of trying FDCPA claims in the same case as state law claims for collection of underlying debt.** This policy satisfies the exceptional circumstances requirement to support an order declining to exercise supplemental jurisdiction over Defendant's state law claims to enforce the debt.

*Sparrow,* 385 F.Supp.2d 1063 at 1070-1071 (emphasis added) (internal citations in the original).

Accordingly, even if this Court determines that the analysis regarding jurisdiction does not end with the Tenth Circuit four factors test and concludes that Defendant's counterclaim has sufficient nexus to the Plaintiff's claim under the FDCPA, compelling reasons exist to decline jurisdiction. As detailed above, allowing this counterclaim to go forward would have a chilling effect on the very consumers for whom the FDCPA was designed to protect.

## IV.    CONCLUSION.

This Honorable Court should grant Plaintiff's Motion to Dismiss Defendant's Counterclaim for Lack of Subject Matter Jurisdiction. As detailed

*infra*, Defendant's Counterclaim should be regarded as permissive only and not compulsory.  Where a permissive counterclaim does not have its own independent basis for federal court jurisdiction, this Court may not exercise supplemental jurisdiction over the Counterclaim.  For the reasons stated herein, Plaintiff's Motion to Dismiss Defendant's Counterclaim for Lack of Subject Matter Jurisdiction should therefore be granted.

WHEREFORE, Plaintiff, Nicholas Waid, respectfully requests this Honorable Court grant Plaintiff's Motion to Dismiss the counterclaim of Defendant, Credit Collections, Inc., for lack of subject matter jurisdiction.

Respectfully Submitted,

By: /s/ Michael S. Agruss
Michael S. Agruss
CA Bar #: 259567
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x235
Fax: 866-583-3695
magruss@consumerlawcenter.com
Attorneys for Plaintiff