**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NICHOLAS WAID | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.  CIV-11-0580-HE |
| | ) | |
| CREDIT COLLECTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Nicholas Waid sued Credit Collections, Inc. alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.  Defendant counterclaimed, seeking amounts owed on various accounts which it alleges it has been assigned for collection.  Plaintiff has filed a motion to dismiss the counterclaim contending that, because it is permissive and not compulsory, the court lacks subject matter jurisdiction over it.

Because the court's jurisdiction over plaintiff's FDCPA claim is based on 29 U.S.C. § 1331, it has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the Untied States Constitution." 28 U.S.C. § 1367(a).[1] "A claim is part of the same case or controversy if it 'derive[s] from a common nucleus of operative fact.'" Price v. Wolford, 608 F.3d 698, 702-03 (10th Cir. 2010) (quoting City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 165 (1997)).  Courts "generally have

---

[1]*Defendant does not argue that an independent basis for federal jurisdiction over its counterclaim exists.  Its counterclaim arises under state law and the parties are not diverse.*

concluded that § 1367(a) codifies [the] test from Gibbs."[2]  13D Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, Federal Practice and Procedure § 3567.1, at 337 (3d ed. 2008); Edwards v. Doe, 331 Fed.Appx. 563, at *4 (10th Cir. 2009) (unpublished).  While "[c]ompulsory counterclaims under Civil Rule 13(a) satisfy §1367(a)," Wright & Miller, supra  at 344, defendant argues that courts now conclude that permissive counterclaims also satisfy the statute.  *See* Wright & Miller, supra § 3567.1, at 359 ("While it is undoubtedly true that many – perhaps most – permissive counterclaims will not be sufficiently factually related to the underlying case to satisfy Gibbs, courts increasingly recognize that some permissive counterclaims can satisfy § 1367(a).").

The court concludes reliance on the compulsory/permissive distinction is not consistent with the general authorities in this circuit and that it should apply the Gibbs common nucleus test, which is "broader than the 'transaction or occurrence' test used in the Civil Rules."  *Id.* at 349.  The Tenth Circuit has not directly considered whether a claim under the FDCPA and a claim based on the underlying debt arise out of the same facts and the courts that have are split on the issue.[3]  Some have "held that in the specific context of FDCPA lawsuits where the defendant has counterclaimed for the underlying debt, the claim and counterclaim, absent any unique circumstances, are not sufficiently related to form the same case or controversy for purposes of supplemental jurisdiction."  *E.g.*, Unangst v. Evans

---

[2]United Mine Worker of America v. Gibbs, 383 U.S. 715 (1966).

[3]Defendant is in error when it asserts that "[a]ll case authorities(even the ones cited by Plaintiff's counsel) agree that a counterclaim on the underlying debt in a FDCPA case forms part of the same 'case and controversy.'" Defendant's response, p. 2.

Law Assocs., P.C., ___ F.Supp.2d ___, ___, 2011 WL 2855318, at *2  (N.D.N.Y. 2011). Others have concluded that a FDCPA claim and a counterclaim based on the underlying debt share at least a "loose factual connection" which is sufficient to confer supplemental jurisdiction. *E.g.*, Mufwene v. Am. Credit Exch., 2010 WL 4539451, at *1 (N.D.Ill. 2010).

However, having considered several Tenth Circuit cases applying § 1367(a), including Price, 608 F.3d at 702-03; Mountain States Media, LLC v. Adams County, 389 Fed.Appx. 829, 837-38 (10th Cir. 2010) (unpublished); and Edwards, 331 Fed.Appx. at 568-71, the court concludes that it has supplemental jurisdiction over defendant's counterclaim as it forms part of the same case or controversy as plaintiff's FDCPA claim. Both claims are connected to the same debt; the counterclaim "arises out of the same facts as the underlying [FDCPA] claim." Price, 608 F.3d at 703. *Accord* Sparrow v. Mazda American Credit, 385 F.Supp.2d 1063, 1070 (E.D.Cal. 2005) ("Because Defendant's counterclaims bear a logical and factual relationship to Plaintiff's claims in that they are related to a single debt incurred by Plaintiff, supplemental jurisdiction exists over Defendant's counterclaims under § 1367(a).").

The court now must make a further determination as to whether to exercise that jurisdiction. A federal court has discretion to decline jurisdiction over a state-law claim in the following circumstances:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or

>    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c). Only the last, catchall provision might apply. <u>Bakewell v. Fed. Fin. Group, Inc.</u>, 2006 WL 739807, at * 4 (N.D.Ga. 2006). Relying on it, some courts have declined to exercise supplemental jurisdiction in cases such as this, noting that "'federal courts should be loath to become immersed in the debt collection suits of ... the target of the very legislation under which' a FDCPA plaintiff states a cause of action." <u>Sparrow</u>, 385 F.Supp.2d at 1071 (quoting <u>Leatherwood v. Universal Bus. Serv. Co.</u>, 115 F.R.D. 48, 50 (W.D.N.Y.1987)). These courts cite public policy concerns about the "chilling effect" on consumers seeking protection under the FDCPA if creditors are allowed to counterclaim for the underlying debts. Other courts have allowed creditors to pursue collection of their alleged debts as that would "promote the goals of judicial economy and efficiency." <u>Koumarian</u>, 2008 WL 5120053, at *4.

It is "inherently more efficient to deal with both matters in one consolidated action." <u>Bakewell</u>, 2006 WL 739807, at * 4. Also, "any chilling effect is substantially weakened where as here the debt collector can pursue the deficiency claim against the plaintiff in a separate state court action." <u>Mufwene</u>, 2010 WL 4539451, at * 2 (internal quotations omitted).

The court is persuaded by those cases in which the courts exercised their supplemental jurisdiction over debt collectors' counterclaims. Allowing Credit Collections to pursue the amounts it claims

4

plaintiff owes will "promote the goals of judicial economy and efficiency" by allowing "all claims related to the alleged debt ... [to] be resolved in a single action." Koumarian, 2008 WL 5120053, at *4.

Accordingly, plaintiff's motion to dismiss [Doc. #15] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 15th day of November, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE